UNITED STATES of America,

v.

Anthony MARRERO, Appellant.

No. 03–3753.

United States Court of Appeals,
Third Circuit.

Argued May 7, 2004.

Decided May 25, 2004.

Stephen A. Brusch (Argued), Charlotte Amalie, St. Thomas, USVI, for Appellant.

Tracey Christopher (Argued), St. Clair Theodore, Office of the United States Attorney, Christiansted, St. Croix, USVI, for Appellee.

Before BARRY, AMBRO, and SMITH, Circuit Judges.

OPINION

BARRY, Circuit Judge.

By order entered August 22, 2003, the District Court revoked the term of supervised release appellant Anthony Marrero was then serving and sentenced him to a term of imprisonment of twenty-four months. In this appeal, appellant argued that the District Court lacked power to revoke his term of supervised release because, at the time of revocation, that term had expired.[1]

Because we were unable to determine from the record and the briefs of the parties whether supervised release had expired and, if so, when, counsel were directed to provide at oral argument "the dates, if any, from February 5, 1999 to August 19, 2003 during which Marrero was incarcerated and whether such period or periods of incarceration, if any, were 'in connection with a conviction for a Federal, State or local crime.' *See* 18 U.S.C. § 3624(e)."

At oral argument, appellant's counsel advised the Court, and counsel for the United States did not dispute, that appellant had been incarcerated "in connection with a Federal, State or local offense" from May 12, 2001 to August 19, 2003, the date of the revocation hearing. It was, therefore, apparent that the three year term of supervised release which had been

---

1. Appellant also argued that assuming his term of supervised release had expired, the delay caused by the government in holding

his revocation hearing was not reasonably necessary.

imposed on February 5, 1999 had not expired when that term was revoked because incarceration tolls a period of supervised release. The order of the District Court, entered on August 22, 2003, will, therefore, be affirmed.